USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

-against-

DAVID SMOTHERMON,

Defendant.
-------------------------------------------------------------- X

**ORDER DENYING MOTION TO TRANSFER VENUE**

19 Cr. 382 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 9, 2020, I held oral argument on Defendant David Smothermon's motion to transfer venue of this action to the Southern District of Texas, Houston Division. For the reasons stated on the record at oral argument, and for the reasons that follow, Defendant's motion is denied.

Defendant acknowledges that venue is proper in the Southern District of New York but moves to transfer venue for the convenience of the parties and the witnesses, and in the interest of justice, pursuant to Federal Rule of Criminal Procedure 21(b). "As a general rule a criminal prosecution should be retained in the original district." *United States v. U.S. Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964). "Disposition of a Rule 21(b) motion is vested in the sound discretion of the district court." *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990). While no one factor is dispositive in ruling on a motion to transfer venue, there are several factors for the Court to consider:

> (a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendants' businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstance that might bear on the desirability of transfer.

*Id.* (citing *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964)).

Defendant and his counsel are located in the Houston area. While there would be expense involved in relocation to New York City for trial, Defendant has not asserted that he or his counsel would be unable to travel. Witnesses and relevant events are based in both Houston and New York City, but those likely to involve the most extensive testimony at trial are based in New York City. For example, the alleged victim company is based in New York. I recognize the importance of the care that Defendant provides for his son, who has cerebral palsy, and his parents, who are elderly and infirm. While trial will involve some disruption in that care regardless of the forum, Defendant may present any particularly important scheduling issues to the Court as they arise. The other *Platt* factors do not weigh strongly in favor of either potential venue. Taking into account all these circumstances, I find that there is not a sufficient basis to deviate from the general rule that jurisdiction should be retained in the original jurisdiction where the action was properly filed. *U.S. Steel Corp.*, 233 F. Supp. at 157; *see also United States v. Estrada*, 880 F. Supp. 2d 478, 485 (S.D.N.Y. 2012) (holding that while "a number of factors—the location of defendants, their businesses, their counsel, and the events likely to be at issue, as well as [defendant]'s son's illness—weigh in favor of transfer," those factors "do not show that trial [in the Southern District of New York] 'would be so unduly burdensome that fairness requires the transfer.'" (quoting *United States v. Posner*, 549 F. Supp. 475, 477 (S.D.N.Y. 1982)).

Accordingly, Defendant's motion to transfer venue (ECF No. 41) is denied. The action will proceed in this Court.

SO ORDERED.

Dated: January 10, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge