UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
UNITED STATES OF AMERICA, : **ORDER DENYING**
: **DEFENDANT'S MOTION TO**
: **DISMISS THE INDICTMENT**
-against- : **AND STAY PROCEEDINGS**
:
DAVID SMOTHERMON, : 19 Cr. 382 (AKH)
:
Defendant. :
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant David Smothermon moves for reconsideration of my September 18, 2024 Order denying his motion to dismiss the Superseding Indictment. ECF Nos. 110-111. That Order was dispositive of one of Smothermon's three grounds. On his motion for reconsideration, I consider his other two grounds, and again I deny his motion to dismiss the Superseding Indictment, or stay the proceedings pending the outcome of *Kousisis v. United States*, No. 23-909, *cert. granted*, 144 S. Ct. 2655 (2024).

Smothermon contends that the Superseding Indictment filed against him on May 14, 2024, *see* ECF No. 96, is barred by the statute of limitations. But that is not so. "[A] superseding indictment that supplants a pending timely indictment relates back to the original pleading and inherits its timeliness as long as the later indictment does not materially broaden or substantially amend the original charges." *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003). In determining whether a given superseding indictment "materially broadens or amends the current charges," the Second Circuit has ruled that courts should consider whether the superseding indictment alleges violations of a different statute, contains different elements, relies on different evidence, and exposes the defendant to a potentially greater sentence, as well as to whether the

1

initial indictment fairly alerts the defendant to both the revised charges and when they took place. *Id.*; *see also United States v. Gengo*, 808 F.2d 1, 3 (2d Cir. 1986). Here, the Government's Superseding Indictment charges the same statute—Wire Fraud, in violation of 18 U.S.C. § 1343—comprised of the same elements, based on the same time period, and carrying exposure to the same potential sentence as did the initial Indictment. Accordingly, the Superseding Indictment properly relates back to the initial Indictment and is not barred under the statute of limitations.

I also deny Smothermon's argument that I should stay the proceedings in this matter pending the outcome of *Kousisis v. United States*. In *Kousisis*, the defendants were convicted of wire fraud in lying about their partnership with a business enterprise given preference in obtaining government construction contracts. *United States v. Kousisis*, 82 F.4th 230, 233-35 (3d Cir. 2023). However, the government suffered no tangible harm, because all performance obligations were satisfied. *Id.* The Supreme Court, in granting *certiorari*, presented the case as "[w]hether deception to induce a commercial exchange can constitute mail or wire fraud, even if inflicting economic harm on the alleged victim was not the object of the scheme." Brief for Petitioner at i, *Kousisis v. United States*, No. 23-909 (Feb. 20, 2024). But here, Smothermon is charged with intending economic harm on his employer by mismarking the terms of commodity contracts in order to falsely inflate his bonus. Since the Supreme Court's ruling in *Kousisis* is not likely to affect the case against Smothermon, in my discretion, I decline to stay this case. *See Pry v. Auto-Chlor Sys., LLC*, 23 Civ. 4541 (DEH), 2024 WL 3728981, at *1 (S.D.N.Y. Aug. 8, 2024) (discretion of district courts to stay proceedings pending another case that could impact the outcome).

Defendant's renewed motion to dismiss the Superseding Indictment or stay the instant proceedings is denied. The conference scheduled for October 22, 2024 at 10:30 a.m. in Courtroom 14D shall be treated as a pre-trial conference. The Clerk of Court shall terminate ECF No. 110.

SO ORDERED.

Dated: October  , 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge