

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 27, 2025

**BY ECF AND EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, New York 10007

Re:    *United States* v. *David Smothermon*, 19 Cr. 382 (AKH)

Dear Judge Hellerstein:

The Government writes in opposition to the defendant's April 25, 2025 adjournment request (Dkt. 120).

Trial in this matter is long overdue. The underlying conduct in this case—the defendant's lies to his former employer ("Victim-1") about his trading performance in order to obtain a multi-million-dollar bonus—took place nearly a decade ago. The defendant was originally charged by complaint in 2018 and indicted in 2019. Trial was first scheduled for June 2020, only to be adjourned six times.[1] Simply put, the interests of justice, the public, and Victim-1 demand that the defendant's trial take place as scheduled on June 9, 2025.

None of the defendant's reasons for an adjournment of at least three months—and likely much longer, in light of the Court's trial schedule and defense counsel's limited availability in the fall—support an adjournment. The defendant's trial is expected to be relatively short (one or two weeks). The defendant's legal team includes two private practitioners from Texas and a law firm in New York City. From this team, the defendant has at least two lawyers who remain available for trial on June 9, 2025. With respect to the potential scheduling conflict between this case and the completion of trial in *U.S. v. Combs*, defense counsel was undoubtedly aware about the possibility of a scheduling conflict weeks, if not months, ago. Defense counsel's decision to

---

[1] *See* Dkt. 51 (adjourning the trial to March 2021 due to the COVID-19 pandemic and the suspension of jury trials in this District); Dkt. 57 (adjourning the trial to October 18, 2021, at the defendant's request, due to pandemic-related challenges in preparing for trial); Dkt. 58 (adjourning the trial to November 1, 2021 to accommodate defense counsel's personal commitment); Dkt. 64 (adjourning the trial to June 20, 2022, at the Court's direction); Dkt. 69 (adjourning the trial to November 14, 2022, due to ongoing challenges from the COVID-19 pandemic); Dkt. 75 (adjourned the trial *sine die* pending the Supreme Court's consideration of *United States v. Ciminelli*).

prioritize the Combs trial over this case is not a reason for an adjournment. Finally, while the Government is sympathetic to the health concerns facing one defense lawyer, this is not a basis for an adjournment where the defendant is represented by other lawyers who are available to try this case on June 9, 2025.

Accordingly, the Court should deny the defendant's adjournment request and trial should commence, as scheduled, on June 9, 2025.

                                                  Respectfully submitted,

                                                  JAY CLAYTON
                                                  United States Attorney

By:    /s/ *Rushmi Bhaskaran*
        Rushmi Bhaskaran
        Qais Ghafary
        Matthew Weinberg
        Assistant United States Attorneys
        (212) 637-2439 / 2534 / 2386

cc:    All Counsel of Record (by ECF)